UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                                               :

**QUNBIN YUAN** *et al.*,

                    Plaintiffs,

            – against –

**AA FOREST, INC.** *et al.*,

                    Defendants.

**MEMORANDUM DECISION AND ORDER**

20-CV-5484 (AMD) (MMH)

------------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        The plaintiffs brought this putative collective and class action asserting claims under the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, against AA Forest, Inc., LaserShip, Inc., You Liang Guo and Brett Bissell.  Each defendant filed a motion to dismiss for failure to state a claim; I granted those motions on March 28, 2022.  (ECF No. 42.)  The plaintiffs sought leave to amend (ECF Nos. 43–45), and I granted the plaintiffs' request as to defendants AA Forest and Guo on November 18, 2022 (ECF No. 52 at 15).  However, I denied the plaintiffs' request as to defendants LaserShip and Bissell, because the plaintiffs' proposed allegations did not withstand a motion to dismiss.  (ECF No. 52 at 15.)  The plaintiffs filed an amended complaint on January 4, 2023 (ECF No. 56), and defendants AA Forest and Guo filed their answer and counterclaims on January 20, 2023 (ECF No. 58).  Before the Court is the plaintiffs' motion to dismiss the counterclaims for "failure to state a cause of action." (ECF No. 61 at 1.)  For the reasons that follow, the motion is granted.

        A court evaluates a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6), using the same standard as a motion to dismiss a complaint.  *A.V.E.L.A., Inc.*

*v. Estate of Marilyn Monroe*, 131 F. Supp. 3d 196, 203 (S.D.N.Y. 2015) (citations omitted). Thus, to survive a 12(b)(6) motion, a counterclaim must allow "the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged" and that the defendant "'is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)). The counterclaim need not have detailed factual allegations, but it must advance "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In the amended complaint, the plaintiffs claim that they were employees of defendants AA Forest and Guo and that these defendants did not pay them a minimum wage, overtime or spread-of-hours pay, did not reimburse them for various employment-related expenses, and did not provide them with pay notices, as required under FLSA and NYLL. The defendants assert two counterclaims in response. In the first, which consists of one paragraph, the defendants state that "every Plaintiff was an independent contractor," because each could make his own schedule, controlled his routes and could hold other jobs simultaneously. (ECF No. 58 ¶ 247.) The defendants do not explain how the plaintiffs' alleged status as independent contractors harmed them and do not request any relief on that basis.

The second counterclaim is entitled "Counterclaim Against Plaintiff Cevallo." (*Id.* at 15 (capitalization altered).)[1] In it, the defendants repeat the allegations laid out in the first counterclaim and additionally accuse the plaintiffs of (1) "recklessly commenc[ing] this action . . . without any due diligence" and "without any factual ground, good cause or justification;" (2) making "misrepresentation and false statements and fabrications" in the complaint; and (3) filing a complaint "with the intention to extort money from" the defendants. (*Id.* ¶¶ 251–54.)

---

[1] There is no Plaintiff Cevallo in this case.

According to the defendants, these actions caused them "to incur legal fees to defend themselves[ and] suffer[] loss of appetite and sleep, emotional distress and damage." (*Id.* ¶ 255.) For these injuries, the defendants seek "a judgment against Plaintiffs jointly and severally for their damages, legal fees and costs of this action." (*Id.* ¶ 256.)

The counterclaims fall far short of the 12(b)(6) standard. *Iqbal* and *Twombly* warned against "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" the counterclaims in this case do not identify a cause of action at all. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The defendants cite no "federal, state or common law" that the plaintiffs supposedly violated by filing this action or by claiming that they were employees rather than independent contractors. *Fish v. Bank of Am.*, No. 16-CV-3237, 2016 WL 11578510, at *1 (M.D. Fla. Nov. 23, 2016), *report and recommendation adopted*, No. 16-CV-3237, 2016 WL 11578511 (M.D. Fla. Dec. 27, 2016). Without knowing the "elements" of the cause of action, the Court cannot determine whether the defendants' factual allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 678, 681.

Because the counterclaims are no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *id.* at 678, they must be dismissed. *See, e.g.*, *Eagle Tr. Fund v. United States Postal Serv.*, 365 F. Supp. 3d 57, 63 (D.D.C. 2019), *aff'd*, 811 F. App'x 669 (D.C. Cir. 2020) (dismissing claims that did "not identify a cause of action"); *Clyburn v. Anderson*, No. 1:22CV339, 2022 WL 2532503, at *2 (M.D.N.C. May 5, 2022) (same).

## CONCLUSION

For the foregoing reasons, the defendants' counterclaims are dismissed. The defendants may replead the counterclaims within 30 days of the date of this order.

**SO ORDERED.**

                                                                                        s/Ann M. Donnelly
                                                                       ANN M. DONNELLY
                                                                       United States District Judge

Dated:  Brooklyn, New York
         May 8, 2022