UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                      :

**QUNBIN YUAN** *et al.*,

                                   :

                     Plaintiffs,      :  **MEMORANDUM DECISION AND ORDER**

             – against –        :

                                   :  20-CV-5484 (AMD) (MMH)

**AA FOREST, INC.** *et al.*,

                                   :

                   Defendants.    :

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the plaintiffs' second motion to dismiss the defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 109.) The Court granted the plaintiffs' first motion to dismiss the defendants' counterclaims on May 8, 2023. (ECF No. 65.) The Court assumes familiarity with the facts and procedural history of this case, which are described in that order. (*See id.* at 1–2.) On July 2, 2024, the plaintiffs filed a second amended complaint. (ECF No. 95.) On October 17, 2024, the defendants answered the second amended complaint and asserted counterclaims. (ECF No. 100.) One of the counterclaims is identical to one the Court dismissed in 2023. For the reasons that follow, the plaintiffs' motion to dismiss the defendants' counterclaims is granted.

A court evaluates a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6), using the same standard as a motion to dismiss a complaint. *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*, 131 F. Supp. 3d 196, 203 (S.D.N.Y. 2015). Thus, to survive a 12(b)(6) motion, a counterclaim must allow "the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged" and that the defendant "is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citation omitted). The counterclaim need not

have detailed factual allegations, but it must advance "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In the second amended complaint, the plaintiffs claim that they were employees of defendants AA Forest, You Liang Guo, and Peng Yang Guo, and that the defendants did not pay them a minimum wage, overtime or spread-of-hours pay; did not reimburse them for various employment-related expenses; and did not provide them with pay notices, as required under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  (*See* ECF No. 95.) As they did in response to the first amended complaint, the defendants assert two counterclaims in response.

First, the defendants state that "every Plaintiff was an independent contractor," because each could make his own schedule, controlled his routes and could hold other jobs simultaneously.  (ECF No. 100 ¶ 248.)  They cite an "independent contractor agreement" pursuant to which the plaintiffs "agree and shall indemnify AA Forest Inc. against all liability, loss or damages, or claims," and request "a judgment directing the Plaintiffs to indemnify AA Forest Inc. from any and all costs, damages, [and] reasonable legal fees incurred as a result of this lawsuit."  (*Id.* ¶¶ 249–50.)

The plaintiffs argue that this counterclaim must be dismissed "because indemnification under both the Fair Labor Standards Act and the New York Labor Law are against public policy."  (ECF No. 109 at 8.)  The defendants respond that the counterclaim "seeks a declaration that each Plaintiff was an independent contractor, not an employee, and that they are obligated to indemnify the Defendants from all liabilities, damages, claims, legal fees and costs caused by this action based on the Agreements and the economic realities of their relationship with AA

Forest." (ECF No. 115 at 4.) According to the defendants, the plaintiffs' public policy arguments are misplaced because the defendants "seek no indemnity or fee-shifting; the counterclaim merely declares the relationship's true nature and interpretation and enforcement of arm-at-length agreements." (*Id.* at 7.) Therefore, the Court "should interpret the contractual indemnity clause and enforce it." (*Id.* at 8.)

In *Fernandez v. Kinray, Inc.*, Judge Allyne Ross considered and rejected a nearly identical argument raised by defendants in an FLSA and NYLL suit who asserted counterclaims seeking indemnification of attorneys' fees pursuant to an independent contractor agreement. *See* No. 13-CV-4938, 2014 WL 12778829, at *1 (E.D.N.Y. Feb. 5, 2014). As Judge Ross thoroughly and persuasively explained, "[b]y enacting provisions for attorneys' fees for prevailing plaintiffs but not prevailing defendants, the drafters of the FLSA and NYLL made a clear policy choice intended to encourage citizens to bring wage and hour claims," and "defendants should not be able to use the indemnification provision in the Agreement as an end run around this scheme." *Id.* at *7 (citation modified); *see also Mendez v. 976 Madison Rest. LLC*, No. 20-CV-5273, 2022 WL 4619895, at *2 (S.D.N.Y. Sept. 30, 2022) (explaining that "courts have rejected employers' efforts to circumvent the rule against indemnification by cloaking their suits as breach of contract actions rather than indemnification actions" and collecting cases). Permitting the defendants' counterclaim to proceed "would contravene the FLSA and NYLL's clear intent to protect plaintiffs' ability to bring suit." *Fernandez*, 2014 WL 12778829, at *8; *see also Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 327–28, 328 n.8 (S.D.N.Y. 2001) (reasoning that permitting indemnification "would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute," and that

"the same reasoning holds for similar provisions of New York Labor Laws").  Accordingly, this counterclaim must be dismissed.[1]

Second, the defendants repeat their allegations that the plaintiffs were independent contractors and claim that the plaintiffs (1) "recklessly commenced this action . . . without any due diligence" and "without any factual ground, good cause or justification;" (2) made "misrepresentation[s] and false statements and fabrications" in the complaint; and (3) filed the complaint "with the intention to extort money from" the defendants.  (ECF No. 100 ¶¶ 251–57.)  The defendants claim that these actions caused them "to incur legal fees to defend themselves," and to "suffer[] loss of appetite and sleep, emotional distress and damage."  (*Id.* ¶ 258.)  They seek "a judgment against Plaintiffs jointly and severally for their damages, legal fees and costs of this action."  (*Id.* ¶ 259.)

This is the same counterclaim the defendants made in 2023, which the Court dismissed.  (*Compare id.* ¶¶ 251–59 *with* ECF No. 58 ¶¶ 248–56.)  As the Court explained in its first order,

---

[1] The defendants also argue that "the counterclaim plausibly alleges an arm's-length contractual relationship consistent with independent contractor status," citing agreements between the plaintiffs and AA Forest that they included as exhibits to their opposition.  (ECF No. 115 at 5.)  The plaintiffs argue that the Court may not consider the contracts because they are outside the pleadings.  (ECF No. 119 at 5.)  Even if the Court were to consider the exhibits, the defendants have failed to state a plausible claim for indemnification.  The contracts include a provision — which is excerpted in the counterclaim — that "[t]he Contractor shall indemnify AA against all liability, loss or damages, or claims, including consequential and incidental damages, and shall hold AA harmless against all claims or actions for the same, based on or arising out of damage or injury (including death) caused by or sustained in connection with the actions of Contractor, or based on any violation of any statute, ordinance, regulation or contract, and the defense of any such claims or actions, including reasonable attorneys fees."  (ECF No. 115-2 at 3; *see also* ECF No. 100 ¶ 249.)  But "[t]his lawsuit arises from defendants' alleged actions, not from any possible breach of the agreement by plaintiffs.  Nor can the lawsuit be said to arise from plaintiffs' performance under the Agreement, since the Agreement states that plaintiffs will work as independent contractors, and the issue in this case is that plaintiffs challenge that classification as improper."  *Fernandez*, 2014 WL 12778829, at *5; *see also Muhammad v. Alto Pharmacy LLC*, No. 23-CV-11315, 2025 WL 3551556, at *2 (S.D.N.Y. Dec. 11, 2025) (explaining that under New York law, "the contract language must be unmistakably clear that the parties intended the indemnification provision to apply to disputes between the parties themselves in order for such a counterclaim to be viable" (citation modified)).  In any event, enforcing an indemnity provision in this context would violate public policy, as explained above.

this counterclaim "fall[s] far short of the 12(b)(6) standard." (ECF No. 65 at 3.)  It fares no better this time.  It is still no more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," and must be dismissed.  *Iqbal*, 556 U.S. at 678.  In an effort to salvage the counterclaim, the defendants say that this counterclaim "states a plausible abuse of process claim under New York law." (ECF No. 115 at 8.)  But "[u]nder New York law, 'the institution of a civil action by summons and complaint is not legally considered process capable of being abused.'" *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 106 (S.D.N.Y. 2020) (quoting *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326 (1984)).  "Thus, the filing of a complaint itself does not constitute the requisite unlawful interference with one's person or property under color of process.  Neither does the expense arising from the defense of a lawsuit, which is an insufficient injury to sustain the cause of action." *Id.* at 107 (citation modified).  Accordingly, the defendants have failed to state an abuse of process claim.

The defendants argue that if the Court grants the plaintiffs' motion, it should grant them leave to amend the counterclaims.  (ECF No. 115 at 9.)  The Court rejects this argument.  Permitting the defendants to amend would be futile.  Indeed, they first asked for leave to amend in their opposition papers and have not described how they would amend the counterclaims or fix the deficiencies.  Accordingly, the motion to amend is denied.  *See Shak v. Krum*, No. 18-CV-1650, 2018 WL 5831319, at *6 (S.D.N.Y. Nov. 6, 2018) ("Leave to amend the counterclaims also may be denied where the Defendant 'fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies.'" (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)).

**CONCLUSION**

For the above reasons, the defendants' counterclaims are dismissed with prejudice.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        June 16, 2026